UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SUSAN MONTIMERANO,

        Plaintiff,

  -vs-

WEGMANS FOOD MARKETS, INC.,

        Defendant.
_____

**DECISION AND ORDER
No. 11-CV-6097(MAT)**

## INTRODUCTION

    Plaintiff Susan Montimerano ("Montimerano" or "Plaintiff"), brings this action pursuant to the Age Discrimination in Employment Act of 1967, ("ADEA")(codified at 29 U.S.C. § 621 et. seq.), the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12201 et seq. ("ADA"), and the New York State Human Rights Law ("HRL") (N.Y. Exec. Law § 209, et seq.), alleging that her former employer, Wegmans Food Markets, Inc. ("Wegmans" or "Defendant"), discriminated against her on the basis of her age and an alleged disability.

    Defendant moves for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule 56"), seeking dismissal of Plaintiff's complaint in its entirety. Dkt. No. 22. Although Plaintiff requested and was granted an extension of time to file her response (Dkt. No. 30), she failed to do so and Defendant's summary judgment motion was deemed submitted without oral argument

on February 3, 2014 (Dkt. No. 31). For the reasons set forth below, Defendant's unopposed motion is granted and Plaintiff's complaint is dismissed in its entirety with prejudice.

## BACKGROUND

The following facts have not been controverted by Plaintiff, and accordingly, are deemed admitted for purposes of this motion. Local Rule of Civil Procedure 56.1 requires that a party moving for summary judgment include with its motion a "separate, short, and concise statement of the material facts to which the moving party contends there is no genuine issue to be tried." See Local Rule 56.1(a). "When a party has moved for summary judgment [] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." Glazer v. Formica Corp., 964 F.2d 149, 154 (2d Cir. 1992). Although the Plaintiff was given notice and the opportunity to file a response to the defendant's motion for summary judgment, she failed to do so and therefore, the Defendant's Statement of Facts is deemed admitted. See Cassidy v. Nicolo, 2005 U.S. Dist. LEXIS 34160, 2005 WL 3334523, *2 (W.D.N.Y. 2005) (facts asserted by the defendants deemed admitted where the plaintiff failed to file a response).

Plaintiff was employed by Wegmans from 1983 to 2009, where, for the majority of that time, she worked as Team Leader of the

Deli Department at the Chili Paul store. As Team Leader, Plaintiff was responsible for supervising deli staff, sending orders for deli items, maintaining inventories, writing schedules, and providing customer service. Plaintiff reported to Deli Manager Joe Ingoglia ("Ingoglia"), who reported to Perishable Manager Tomas Jacobs ("Jacobs"), who, in turn, reported to store manager Robert Godula ("Godula").

In July 2008, Plaintiff was granted medical leave by Defendant and underwent shoulder surgery. In October 2008, Plaintiff returned to work with a note from her doctor stating that she had no work restrictions.

Throughout her employment, including prior to her medical leave in 2008, Plaintiff had difficulty getting along with other Wegmans employees and manager Ingoglia, and was counseled by management on at least two occasions for her reported behavior. In May 2009, based on other employees' complaints about Plaintiff, Jacobs and Human Resources Representative Lori Martinez ("Martinez") commenced an investigation into Plaintiff's conduct, in which they interviewed Plaintiff and several employees in the Deli Department. Upon completion of their investigation, Plaintiff's employment was terminated effective May 19, 2009.

Thereafter, Plaintiff filed a charge of age and disability discrimination with the Equal Employment Opportunity Commission ("EEOC"), and this civil action subsequently followed.

**DISCUSSION**

**I.  Defendant's Motion for Summary Judgment**

Rule 56© of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought.  Scott v. Harris, 550 U.S. 372, 380 (2007).  If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate.  Scott, 550 U.S. at 380 (citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586–587 (1986)).

**II.  Plaintiff Cannot Establish a Claim of Discrimination Based on Age or Disability**

Plaintiff alleges that she was discriminated against on the basis of her age and/or alleged disability. Claims of employment discrimination are analyzed under the well-recognized burden shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) and later refined in Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981) and St. Mary's Honor Center

v. Hicks, 509 U.S. 502 (1993). The plaintiff bears the burden proving a prima facie case of discrimination. If the plaintiff succeeds in stating a prima facie case, the burden of production shifts to the defendant to state a legitimate, non-discriminatory reason for the employment action. Should the employer meet that burden, the burden of production then shifts back to the plaintiff to show that the reasons proffered by the employer were not the true reasons for the adverse employment action, but were a pretext for discrimination, and that discrimination was the real reason. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981); St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993). Because claims of disability discrimination under New York State Law are analyzed under the same standards applicable to the ADA, for the reasons stated below, Plaintiff's state-law claims of discrimination are also dismissed along with his federal claims. Parinello v. Bausch & Lomb, 2013 U.S. Dist. LEXIS 55379, 2013 WL 1680152 at * 13 (W.D.N.Y., April 17, 2013)("legal standards for discrimination and retaliation claims under the Human Rights Law are analytically identical to claims brought under the ADA.").

    **A.   Age Discrimination**

Plaintiff alleges that she was discriminated against on the basis of her age. To establish a prima facie case of age discrimination under the ADEA, a plaintiff must demonstrate that; (1) she is a member of a protected group; (2) she was qualified for

the position she held; and (3) she was discharged under circumstances giving rise to an inference of age discrimination. McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Promisel v. First American Artificial Flowers, 943 F.2d 251, 259 (2d Cir. 1991), cert. denied, 502 U.S. 1060 (1992). Although the Second Circuit Court of Appeals has stated that "the burden that must be met by an employment discrimination plaintiff to survive a summary judgment motion at the prima facie stage is de minimis," Tomka v. Seiler Corp., 66 F.3d at 1308 (internal citations omitted), it has also noted that "[a] jury cannot infer discrimination from thin air." Norton v. Sams Club, 145 F.3d 114 (2nd Cir.), cert. denied, 525 U.S. 1001 (1998).

In the instant case, there is no dispute that Montimerano is a member of a protected class as she is over age 40. However, she has not and cannot established that her job performance was satisfactory, and this is fatal to her claim.

To establish the second essential element of her *prima facie* case, Montimerano must "show that [her] performance was of sufficient quality to merit continued employment." Javier v. Deringer-Ney, Inc., 2009 U.S. Dist. LEXIS 90849, *15 (D. Conn. Sept. 30, 2009) (quoting Powell v. Syracuse Univ., 580 F.2d 1150, 1155 (2d Cir. 1978), aff'd, 419 Fed. Appx. 100, 2011 U.S. App. LEXIS 7826 (2d Cir. 2011). In the instant case, the record reflects that, as Deli Team Leader, Montimerano was responsible

for, among other things, supervising deli staff. Plaintiff developed a discordant relationship with her co-workers, and various co-workers complained about her to management. The discord eventually required intervention by both management and HR, and resulted in an investigation and interview of Plaintiff's co-workers who reported, among other things, that Plaintiff was "mean and vindictive," that she "abuse[d] her power," and that "[e]mployees [were] scared to say something" because she controlled their schedules. Martinez Dec. Ex. J. Additionally, one co-worker reported an incident when she was pregnant and Plaintiff moved her purse to the back of a closet so that she could not reach it because of her pregnant status. Another co-worker reported an incident in which she observed Plaintiff cause another employee to cry because she "yell[ed]" at that employee in front of customers. As a result of Plaintiff's conduct, which violated Defendant's workplace rules and policies against harassment and discrimination, Defendant terminated her employment.

The record before this Court, even reviewed in the light most favorable to Montimerano, indicates that a reasonable trier of fact could not conclude that Montimerano's performance was of a sufficient quality to merit continued employment. See Flint v. Tucker Printers, Inc., 2011 U.S. Dist LEXIS 1645 (W.D.N.Y. Jan. 7, 2011) (finding that Plaintiff failed to establish prima facie case of discrimination where he was terminated for, among other things,

using profanity directed at subordinates in the workplace); <u>Javier</u>, 2009 U.S. Dist. LEXIS at *16-17 (finding that negative assessment of Plaintiff's management style, as complained-of by subordinates, indicated that a reasonable trier of fact could not conclude plaintiff's performance was of sufficient quality to merit continued employment).

Even if Plaintiff had shown that she was qualified for the position, there is no evidence in the record that Plaintiff's termination occurred under circumstances giving rise to an inference of age discrimination. In her Complaint (Dkt. No. 1 at ¶ 44), Plaintiff asserts in a conclusory manner that "the practices of defendant [] harm older employees of the defendant and favor younger employees." Indeed, a plaintiff may establish an inference of age discrimination by demonstrating that she was treated less favorably than significantly younger employees. <u>McGuinness v. Lincoln Hall</u>, 263 F.3d 49, 53 (2d Cir.2001). Plaintiff, however, does not elaborate on this allegation in her Complaint or point to any facts that support this contention beyond her statements in the Complaint. Moreover, she admitted at her deposition that she could not identify any factual basis for this assertion made in her Complaint. Montimerano Dep. at 151-152. As such, she cannot establish an inference of discrimination with respect to her termination.

Plaintiff has also failed to show how two comments allegedly made by her supervisor Ingoglia demonstrate a discriminatory animus on the part of Wegmans resulting her termination in May 2009. Montimerano claims that, during a performance review with Ingolgia, after she indicated to him that she wished to continue to work at the Deli, he responded, "oh, you mean until you retire?" Dkt. No. 1 at ¶ 21. She also claims that, on a separate occasion when she was trying to log into a computer, Ingoglia remarked "you mean you can't remember the password?" Id. Assuming Ingoglia made these remarks, Plaintiff has not pointed to any relevant persuasive evidence or otherwise explained how these facially-neutral and context-specific statements were discriminatory based on her age. Notably, with respect to the second comment, Plaintiff admits that she could not, in fact, remember the password and that Ingoglia assisted her in finding it so that she could access the computer system. Montimerano Dep. at 139. Moreover, the record reflects that Ingoglia was not involved in and did not even participate in the decision to terminate Montimerano's employment.

Accordingly, Plaintiff has failed to establish a prima facie case of age discrimination, and the Court therefore grants Defendant's summary judgment motion with respect to this claim.

**B. Disability Discrimination**

To establish a *prima facie* case of disability discrimination, Montimerano must show that (1) Wegmans is subject to the ADA;

(2) she was disabled within the meaning of the statute or that Wegmans perceived her as disabled; (3) she was otherwise qualified to perform the essential functions of her job with or without reasonable accommodation; and (4) she suffered an adverse employment action because of her disability. See <u>Brady v. Wal-Mart Stores, Inc</u>., 531 F.3d 127, 134 (2008) (citations omitted).

Here, Plaintiff cannot establish a prima facie case of discrimination because she has not and cannot establish that was disabled within the meaning of the ADA, or that Wegmans perceived her as disabled.  Even if she could, she cannot establish an inference of discrimination on the basis of her alleged disability.

To establish the existence of a disability, a plaintiff must demonstrate that he or she suffers from a physical or mental impairment that "substantially limits one or more major life activities . . . ." 42 U.S.C. § 12102(2)(A). "Major life activities" are defined in the regulations promulgated by the EEOC as "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working."  45 C.F.R. § 84.3(j)(2)(ii).

In the instant case, Plaintiff has failed to establish that she is a qualified person with a disability, or that she was regarded by Wegmans to be a qualified person with a disability. This is so because Plaintiff admits that her shoulder surgery did not negatively impact any of her life activities after her return

to work. Montimerano Dep. at 143. Further, she returned to work with a note from her doctor indicating she had "no restrictions[.]" See Lloyd v. The New York Botanical Garden, 2006 U.S. Dist. LEXIS 49066, *16-17 (S.D.N.Y. July 6, 2006) ("Given that after surgery on his right shoulder, Plaintiff returned to work with no restrictions . . ., plaintiff was not 'disabled' within the meaning of the ADA."). Additionally, Plaintiff points to no medical evidence that shows she was substantially limited in her performance of any major life activity at the time of her termination. See Jackson v. Nor Lach Manor Healthcare Facility, 297 F.Supp.2d 633, 636 (W.D.N.Y. 2004) (granting summary judgment where Plaintiff failed to submit medical evidence showing that any impairment significantly affected her ability to work or otherwise engage in a substantial life activity), aff'd, 134 Fed. Appx. 477 (2d Cir. 2005). Similarly, Plaintiff does not point to any evidence that Wegmans perceived her as having an impairment. In fact, she admitted during her deposition that she could not identify any factual basis for her allegation that Wegmans regarded or perceived her as having an impairment. Montimerano Dep. at 143-144. Accordingly, she has failed to establish the first prong of the prima facie inquiry.

Even assuming she could establish the first prong of the prima facie inquiry, Plaintiff has not submitted evidence causing an inference of discrimination on the basis of her alleged disability. The record is completely devoid of evidence that

Wegmans terminated or harassed her on the basis of her alleged disability, and there is no evidence to suggest that Wegmans even considered Plaintiff's 2008 surgery as a basis for deciding to terminate her employment in May 2009.  In her Complaint, in support of this claim, she asserted that when she returned from her shoulder surgery in 2008, she requested a three day vacation and her supervisor remarked, "I wish you wouldn't do so because I'm trying to get you back on Bob's (the store manager) good side," which, according to her, implied that Defendant viewed her unfavorably because she had taken time off for her surgery.  Dkt. No. 1 at ¶ 19.  Plaintiff's allegation, however, is based on nothing more than speculation, and is also belied by her deposition testimony in which she admitted that the vacation request was made <u>prior</u> to her shoulder surgery.  Additionally, she admitted during her deposition that she could not think of any other "caustic or negative remarks alluding to her taking time off for surgery," and that no one ever said "anything to [her] that suggested they were treating [her] differently because of [her] surgery."  Montimerano Dep. at 169.

Accordingly, Plaintiff has failed to state a prima facie case of disability discrimination.  The Court therefore grants Defendant's summary judgment motion with respect thereto, and dismisses Plaintiff's disability discrimination claims.

**III. Retaliation**

To establish a prima facie case of retaliation under the ADEA or the ADA, Montimerano must show: (1) she engaged in protected activity known to Wegmans; (2) an adverse employment action; and (3) a causal connection between the protected activity and the alleged adverse employment action. Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 110 (2d Cir. 2010). "The term protected activity refers to action taken to protest or oppose statutorily prohibited discrimination." Cruz v. Coach Stores, Inc., 202 F.3d 560, 566 (2d Cir. 2000).

Plaintiff's claim that Wegmans retaliated against her for alleged "good faith complaints of age discrimination in the workplace" (Dkt. No. 1 at ¶ 36) fails because she has not presented evidence to show that she engaged in a protected activity. Plaintiff testified at her deposition that during her employment, she did not complain to anyone that she believed she was subject to age discrimination. Montimerano Dep. at 121. A review of the record reflects that Plaintiff testified during her deposition that she told management or HR about various instances when she believed Ingoglia showed her a lack of respect or support. Id. At 24, 28, 29, 40. Because, however, Plaintiff did not complain of discrimination based on age to management or HR, thus making those complaints related to Ingoglia did not constitute "protected activity". See e.g., Bennett v. Watson Wyatt & Co., 156 F.Supp.2d

270, 272 (S.D.N.Y. 2001) (finding Plaintiff failed to establish first prong of prima facie inquiry where Plaintiff complained of comments and threats toward but failed to present evidence that complaints were based on her belief she was being discriminated against on account of race); Neishlos v. City of New York, 2003 U.S. Dist. LEXIS 19554, *26 (S.D.N.Y. Oct. 31, 2003) (Plaintiff's complaint which did not mention religious or ethnic discrimination did not qualify as good faith protected activity).

Accordingly, Plaintiff has failed to state a prima facie case of retaliation, and the Defendant's summary judgment motion with respect to this claim is granted.

## CONCLUSION

For the reasons set forth herein, Defendant's Motion for Summary Judgment is granted. Plaintiff's Complaint is dismissed in its entirety with prejudice.

**IT IS SO ORDERED.**

                                        s/Michael A. Telesca
                                        HONORABLE MICHAEL A. TELESCA
                                        United States District Judge

DATED:    March 21, 2014
          Rochester, New York